# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **JAMES F. WILSON, JR.,** | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:17-cv-410-WTL-DML |
| **NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,** | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff James F. Wilson, Jr., requests judicial review of the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Wilson's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I.   APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled."

---

[1]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

## II. BACKGROUND

Wilson filed for DIB and SSI on May 17, 2013, alleging that he became disabled on August 31, 2010. After denials at the initial and reconsideration levels, Wilson filed a request for a hearing before an ALJ. A hearing was held on January 29, 2014, before ALJ Dennis Lyndell Pickett. An impartial vocational expert appeared and testified. The ALJ issued his decision denying Wilson's claim on September 21, 2015. After the Appeals Council denied his request for review, Wilson filed this timely appeal.

## III. THE ALJ'S DECISION

At step one of the sequential evaluation, the ALJ determined that Wilson had not engaged in substantial gainful activity since the alleged disability onset date. The ALJ found that Wilson met the disability insured status requirements of the Act (for purposes of DIB) through December 31, 2014. At steps two and three, the ALJ concluded that Wilson suffered from the following severe impairments: affective disorder, anxiety disorder, obsessive-compulsive disorder, and history of substance abuse disorder, but that his impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that, prior to that date, Wilson had the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple and unskilled work away from the general public and with only occasional interaction with supervisors and coworkers.

R. at 18. The ALJ concluded that Wilson was able to perform his past relevant work as an order picker and that there were other jobs in the national economy that Wilson could perform. Accordingly, the ALJ concluded that Wilson was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in the parties' briefs and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

Wilson first argues that the ALJ did not properly consider Wilson's existing treatment record and likely future absenteeism based on the extent of treatment he receives. Specifically, Wilson points to the evidence in the record that shows that he has had hundreds of hours of treatment, including medication management appointments, individual therapy, and group therapy, for his mental impairments. Wilson's recent treatment records demonstrate that he had an appointment with Dr. Whiteman once every other month, and most appointments lasted thirty minutes or less. He also saw an individual therapist once a month for an hour and attended group therapy sessions twice a week. The group sessions usually lasted ninety minutes; sometimes he would attend two in one day.

When the ALJ assesses a claimant's residual functional capacity, he must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)." SSR 96–8p. In this case, the ALJ's decision lacks any meaningful discussion about Wilson's ability to perform sustained work activities on a regular and continuing basis despite evidence in the record about his multiple appointments a week.

The ALJ recognized that Wilson participated in group and individual therapy. However, the ALJ did not address whether Wilson was likely to miss more than one day per month of work, which the VE testified would not permit him to sustain full-time employment. In addition, the ALJ did not address the sheer number of Wilson's medical appointments. As Wilson points

out, even a thirty-minute appointment does not mean that a person will miss only thirty minutes of work; rather, time for travel to and from the appointment must be considered, as well as the possibility that a provider may be running behind schedule.

In sum, the ALJ erred by failing to consider whether, in view of the extent of Wilson's multiple therapy appointments, Wilson could sustain work on a regular, continuing basis. The ALJ discussed some of the evidence in isolation but did not consider the cumulative effect of Plaintiff's medical treatment on his ability to sustain full-time work. This issue requires remand. *See Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014) (noting that the ALJ should have included in the residual functional capacity determination the likelihood of the plaintiff's missing work and that the ALJ's decision did not reflect any likelihood of absences or breaks at work related to migraines). Here, evidence in the record could support Wilson's contention that his treatment would require him to regularly miss work. Accordingly, remand is required.[2]

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 2/8/18**

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[2]On remand, the ALJ also should be sure to fully account for Wilson's limitations in concentration, persistence or pace in the hypothetical questions to the vocational expert and in the RFC.